UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKEY JEAN,<br><br>      Plaintiff,<br><br>v.<br><br>T. CRAWFORD, et al.,<br><br>      Defendants. | Civil Action No. 21-19826 (MAS) (DEA)<br><br><br>MEMORANDUM ORDER |

This matter comes before the Court on Plaintiff Ricky Jean's Civil Complaint (ECF No. 1) and application to proceed *in forma pauperis*. (ECF No. 1-1). Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted, and Plaintiff's application is granted. Because this Court will grant Plaintiff's application, the Court is required to screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed

factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In his Complaint, Plaintiff alleges that in August 2021, he was placed in administrative segregation in the Mercer County Correctional Center. (ECF No. 1 at 6.) While returning from a disciplinary hearing and subject to a jail policy which required that he be handcuffed during prisoner movements, Plaintiff was attacked by a group of eight to ten other prisoners who had previously threatened to hurt him within earshot of Defendants Crawford and Ricitolo. (*Id.* at 6-7.) Despite this threat, these two officer Defendants failed to ensure these other inmates were locked in their cells during the movement of Plaintiff, as Plaintiff alleges jail rules require, and failed to protect him from the resulting beating Plaintiff suffered. (*Id.*) Plaintiff therefore seeks to

bring failure to protect claims against Defendants Crawford and Ricitolo, as well as a supervisory failure to protect claim against Defendant Charles Ellis, the warden of the jail, who he alleges adopted the handcuff movement rule which Plaintiff alleges led to his being beaten. (*Id.* at 7).

While this Court perceives no basis for the dismissal of Plaintiff's claims against Crawford and Ricitolo and will therefore allow Plaintiff's claims against them to proceed at this time, Plaintiff fails to plead a plausible claim for relief against Defendant Ellis. To state a claim for failure to protect under the Fourteenth Amendment, a plaintiff must plead facts which would show that the plaintiff "was incarcerated under conditions posing a substantial risk of serious harm, . . . the [defendant] was deliberately indifferent to that substantial risk[, and] the [defendant's] deliberate indifference caused [the plaintiff's] harm." *Torres v. Monmouth Cty. Corr. Facility*, No. 19-17704, 2021 WL 3773687, at *4 (D.N.J. Aug. 25, 2021) (quoting *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). A defendant exhibits deliberate indifference where the facts indicate that he knew of and disregarded a known risk of serious harm. *Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 438-39 (D.N.J. 2018). Here, Plaintiff pleads that Ellis should be held liable based on the adoption of the handcuff movement policy which required he be handcuffed during prisoner movements until he returned to his cell and the fact that the jail's segregation division is in or near a maximum-security unit. Plaintiff also pleads, however, that his attack was the result not only of the handcuff situation, but also the failure of Crawford and Ricitolo to secure the other prisoners *as required by* jail policies. Any failure on Ellis's part therefore cannot be said to be the cause of the harm Plaintiff suffered. Likewise, Plaintiff has failed in any way to plead that Ellis was aware of or disregarded any risk of harm to Plaintiff. Plaintiff's claim against Ellis is therefore dismissed without prejudice.

**IT IS THEREFORE** on this 30th day of November, 2021, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**.

2. Pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of New Jersey and the warden of the Mercer County Correctional Center.

3. Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid.

4. Pursuant to *Bruce v. Samuels*, 577 U.S. 82, 89 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full.

5. Pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce,* until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited.

6. Plaintiff's claims against Defendants Crawford and Ricitolo shall **PROCEED**.

7. Plaintiff's claim against Defendant Ellis is **DISMISSED WITHOUT PREJUDICE**.

8. The Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form for each remaining Defendant.

9. Plaintiff shall complete the form for each remaining Defendant and return them to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608.

10. Upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the Complaint (ECF No. 1), summons, and this Order upon Defendants Crawford and Ricitolo pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States.

11. Defendants Crawford and Ricitolo shall each file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2).

12. The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

*[signature]*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**