**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY JEAN,<br><br>   Plaintiff,<br><br>v.<br><br>T. CRAWFORD, *et al.*,<br><br>   Defendants. | Civil Action No. 21-19826 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the unopposed motion brought by all Defendants seeking to have Plaintiff's complaint dismissed pursuant to Federal Rule of Civil Procedure 37(d) and Local Civil Rule 10.1. (ECF No. 12.) By way of background, Plaintiff filed his complaint in this matter in November 2021. (ECF No. 1.) Following the screening of Plaintiff's complaint and service, (*see* ECF Nos. 3-8), Defendants filed an answer to the complaint. (ECF No. 10.)

According to Defendants, it was shortly thereafter, in the spring of 2022, that the problems arose. In their motion, Defendants contend that Plaintiff was served with interrogatories on March 15, 2022. (ECF No. 12-1 at 2.) When Plaintiff failed to return responses to those interrogatories, Defendants sent him a series of reminders in May and June of 2022 directing Plaintiff to respond. (*Id.*) In the two letters sent in June, Defendants explicitly advised Plaintiff that, should he fail to respond, they would seek sanctions for failure to participate in discovery. (*See* ECF No. 12-4; 12-5.) According to Defendants, Plaintiff has failed to respond in any way to any of these requests. (ECF No. 12-1 at 2.) In light of these discovery-related failings, and Plaintiff's failure to keep the

Court apprised of his address as required by Local Civil Rule 10.1(a), Defendants request that the Court dismiss this matter. (*Id.*; *see also* ECF Nos. 14-15.)

Pursuant to Federal Rule of Civil Procedure 37(d), when a party fails to answer interrogatories without providing an acceptable excuse for doing so, the party whose discovery requests were ignored can seek sanctions up to and including the dismissal of the complaint. *See* Fed. R. Civ. P. 37(d); *see also Fattah v. Beard*, 214 F. App'x 230, 232-33 (3d Cir. 2007). Likewise, pursuant to Local Civil Rule 10.1(a), all litigants, be they represented or *pro se*, are required to "advise the Court of any change in their or their attorney's address within seven days . . . by filing a notice of said change with the Clerk." A plaintiff's failure to comply with the rule merits sanctions up to and including dismissal of the plaintiff's complaint. *See Archie v. Dep't of Corr.*, No. 12-2466, 2015 WL 333299, at *1 (D.N.J. Jan. 23, 2015). Under either rule, where a district court finds a party has failed to live up to its obligations, the court must consider the six factors announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 869 (3d Cir. 1984), in determining the appropriate sanction. *Fattah*, 214 F. App'x at 232-33; *Archie*, 2015 WL 333299, at *1. Those factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders . . .; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*N'Jai v. Floyd*, 296 F. App'x 266, 268 (3d Cir. 2008) (quoting *Poulis*, 747 F.2d at 868). Dismissal of a complaint "is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Id.* at 267 (quoting *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982); *See also Archie*, 2015 WL 333299, at

2

\*2-3 (dismissal of complaint is harsh sanction for failure to meet Rule 10.1 requirements and should be imposed only when warranted under *Poulis* factors).

In this case, it appears that Plaintiff is entirely responsible for the breakdown of progress. Plaintiff has utterly failed to update the Court as to his address, and it fully appears that he has ignored repeated requests that he comply with Defendants' discovery demands even after being told that failure to do so would result in a motion seeking sanctions. While the prejudice to Defendants thus far has not been severe, there is clearly some prejudice as Defendants' ability to prepare their case or any forthcoming dispositive motion has been essentially stalled while Plaintiff fails to meet his obligations. Significantly, no progress can be made under the status quo and this case will only languish without a change in circumstances or Plaintiff's behavior. Plaintiff's repeated failings to respond also represent a six-month period of dilatory behavior during which Plaintiff has utterly failed to act as required of him by the rules of this Court. Under the current circumstances and in light of Plaintiff's failure to respond to the motion in any meaningful way despite Defendants appearing to serve him at his current address, this Court can only conclude that Plaintiff's failure is willful. It is also doubtful that any alternative sanction would have any effect upon the progress of this matter. For example, administrative termination would merely extend the period during which this case is trapped in a Plaintiff-imposed limbo and fees or fines would likely not be collectible from the indigent Plaintiff. It, therefore, appears that a dismissal may be warranted here. Finally, the Court notes that it permitted Plaintiff's claims to proceed beyond screening as they were not clearly frivolous or implausible. In the absence of any discovery, however, the merits of Plaintiff's claims are at best in dispute.

Taking all of these factors together, the Court concludes that Plaintiff's actions warrant sanction under the Federal and Local Civil Rules, and that no sanction shy of dismissal of the complaint will serve. While this Court therefore concludes that Defendants' motion should be

granted and Plaintiff's remaining claims dismissed, this Court finds that a dismissal with prejudice is not yet warranted as the delay thus far has only been approximately six months and the prejudice to Defendants has not yet become sufficiently severe to warrant a dismissal with prejudice. This Court will therefore dismiss Plaintiff's complaint without prejudice at this time. An appropriate order follows.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**